IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES LEE ALLEN, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| DR. HENDRICK, | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:14-CV-3358-TWT-LTW |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at Washington State Prison in Davisboro, Georgia. Plaintiff, pro se, complains in this case of the medical treatment he received while confined at the Cobb County Jail (the "Jail") in 2010. (Doc. 1.) In compliance with the Court's Order, Plaintiff supplemented his complaint with additional information. (Docs. 5, 9.) Plaintiff also moved for appointment of counsel. (Doc. 7.)

Federal courts must screen a prisoner's complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

The following allegations are taken from Plaintiff's complaint, as supplemented, and presumed true for purposes of the § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2011); Docs. 1, 5, 9. Plaintiff was diagnosed with congestive heart failure ("CHF") in Ohio in 2002. Plaintiff was treated with medication in Ohio and Texas before ultimately moving to Georgia.

In January 2010, Plaintiff was taken to the Jail. Jail officials did not give Plaintiff his correct CHF medication. Defendant Hendrick, a physician at the Jail, saw Plaintiff in May 2010 and sent him to the emergency room at a local hospital on May 28, 2010. A physician at the hospital told Plaintiff he had been given the wrong medication for his CHF at the Jail and gave him the correct medication. When Plaintiff returned to the Jail and used all of the medication he received from the hospital, Hendrick again gave him incorrect medication.

Plaintiff became very ill in June 2010 as result of the incorrect medication. Hendrick accused Plaintiff of faking illness. On June 19, 2010, a Jail supervisor saw that Plaintiff's condition was worsening and sent him to the hospital. A physician at the hospital told Plaintiff he was near death and placed him in a medically induced coma. Five days later, physicians gave Plaintiff a blood transfusion that ended the

coma. Plaintiff then had a mild stroke, which required him to undergo physical therapy that he continues to receive. Plaintiff left the hospital on July 17, 2010.

Plaintiff contends that Hendrick's failure to give Plaintiff proper CHF medication from January 2010 to June 2010 (before his last hospital stay) constituted deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment to the U.S. Constitution. (Doc. 1 at 6-9; Doc. 5 at 1; Doc. 9 at 1-4.) Plaintiff seeks twenty-five million dollars in damages. (Doc. 1 at 4.)

Claims under 42 U.S.C. § 1983 based on events occurring in Georgia are subject to a two-year statute of limitations. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (§ 1983 claims). A claim accrues, i.e., the statute of limitations begins to run, "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations and quotation marks omitted); *see Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." (quotation marks omitted)).

Plaintiff's claims against Hendrick accrued no later than July 2010 because he knew by that time that Hendrick allegedly had given him incorrect CHF medication

3

at the Jail that led to hospitalization and medical problems. Plaintiff contends that physicians at the hospital told him in May and June 2010 that he was given the wrong medication at the Jail and that he knew when he left the hospital in July 2010 that the wrong medication had caused him to have a stroke and nearly die. (Doc. 1 at 7-9; Doc. 9 at 4.) Even if Plaintiff did not know the full extent of the harm at that time, he knew of Hendrick's alleged acts that he now contends violated his constitutional rights. *See Wallace*, 549 U.S. at 391 ("The cause of action accrues even though the full extent of the injury is not then known or predictable."). Plaintiff thus had until July 2012 to assert his claims in court.

Plaintiff did not file this suit until September 29, 2014.[1] (Doc. 1 at 5-6.) That was over two years after the statute of limitations expired. Plaintiff's claims are thus untimely and cannot be considered.

---

[1] A pro se prisoner's complaint is deemed filed with the court on the date the prisoner gives the complaint to prison officials for mailing. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001) ("[T]his circuit considers . . . section 1983 complaints . . . 'filed' when a *pro se* prisoner delivers . . . them to a prison official for mailing"). Plaintiff did not indicate when he gave his complaint to prison officials for mailing, but he executed it on September 29, 2014. (Doc. 1 at 5-6.) Because there is no evidence that Plaintiff submitted his complaint for mailing on a date other than the date he executed it, the complaint is deemed filed on that date. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

4

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Plaintiff's motion for appointment of counsel [7] is **DENIED AS MOOT**.

**SO ORDERED & RECOMMENDED**, this 22 day of December, 2014.

*Linda T. Walker*
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)